**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry T Collen, et al., | No. CV-19-05692-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| UnitedHealthCare Insurance Company, et al., | |
| Defendants. | |

Plaintiff Elizabeth Collen and her husband, Jerry, (collectively the "Collens") have sued their employer-sponsored healthcare insurer United Healthcare Insurance Company ("United"). It is alleged in the Amended Complaint (Doc. 7) that United wrongfully denied coverage for healthcare services. The Amended Complaint asserts two claims for relief: (1) "Violation of ERISA: Improper Denial of Rights and Breach of Fiduciary Duty" and (2) "Misrepresentation and Detrimental Reliance." (*Id.* at 4.) The Employee Retirement Income Security Act of 1974 ("ERISA") governs employer-sponsored benefits such as the healthcare plan at issue in this case. United moves to dismiss based on ERISA preemption and pleading insufficiencies. (Doc. 9.) The Court will grant the Motion.

I.

The Motion seeks dismissal of the Collens' ERISA-based claim for relief under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), because it fails to "raise a right to relief above the speculative level." *Id.* at 555. The Court agrees. ERISA § 502(a) provides exclusive civil remedies for plaintiffs. The Amended Complaint, however, does not assert

critical facts to provide United with notice of the ERISA claim. This includes asserting plan provisions that the Collens contend that United violated. In their Response brief, the Collens admit that their Amended Complaint lacks this detail because they did not have the "plans or documents" from which to assert their claim. (Doc. 12 at 2.) The Collens' ERISA-based claim for relief will be dismissed with leave to assert a proper civil remedy under § 502(a).[*]

The Collens assert an ERISA-based claim for breach of fiduciary duty and United argues that it fails as a matter of law. "The claim for fiduciary breach gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach." *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010). A breach of fiduciary duty claim, moreover, must assert that "the fiduciary injured the benefit plan or otherwise jeopardized the entire plan or put at risk plan assets." *Id.* (citation and internal quotation marks omitted). This lawsuit arises from what the Collens contend was a wrongful denial of benefits to Ms. Collen. They do not assert a breach of fiduciary duties to the plan itself. The Court agrees with United on the merits of its argument and this aspect of the ERISA claim will be dismissed also.

II.

A.

In order to promote uniformity among the states, Congress intended the civil remedies provided for in § 502(a) of ERISA to be the exclusive remedies for disputes concerning of the denial of benefits. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09 (2004). This principle derives from two ERISA sections, the comprehensive remedial scheme in § 502(a) itself and in the § 514(a) preemption provision. 29 U.S.C. §§ 1132(a)(1)(B), 1144(a). Such is the language of these provisions that the United States Supreme Court has held "any state-law cause of action that duplicates, supplements, or

---

[*] What is perplexing about the Collens' explanation is that, prior to filing its Motion to Dismiss, United's counsel offered them the opportunity to amend their complaint to include this necessary detail. *See* LRCiv. 12.1(c). Plaintiffs' counsel appears to have refused that offer. (Doc. 16-1 at 5-6.) Had Plaintiffs' counsel taken that offer seriously and amended their complaint, that would have saved a great deal of client resources and judicial effort.

- 2 -

supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. The Collens' second claim for relief, misrepresentation and detrimental reliance, is pleaded as a state-law cause of action. This claim is premised on the argument that United failed to cover procedures that the Collens contend should be covered under the plan. This claim impermissibly "duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Id*. It will therefore be dismissed as preempted under ERISA.

B.

While ERISA preemption is unforgiving to state-law claims for relief, there is a narrow exception where independent state-law claims against the insurer may be asserted. *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009). These include circumstances where an independent contract, be it written or oral, exists between the insurer and the insured or a healthcare provider. *Id*.; *see also Emergency Group of Ariz. Professional Corp. v. United Healthcare Inc.*, --- F. Supp. 3d. ---, 2020 WL 1451464 (D. Ariz. Mar. 25, 2020). The pleading allegations indicate that United promised to provide additional coverage for Ms. Collen that was not fulfilled. (Doc. 7 at ¶¶ 18, 20-21.) The Amended Complaint does not make clear whether United promised additional coverage that was not ultimately provided to Ms. Collen. Mindful of counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, the Court will grant leave to amend allowing Plaintiffs an opportunity to assert any such state-law claim for relief arising from an independent obligation undertaken by United that was, ultimately, not provided.

III.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Amended Complaint (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of costs and fees is **DENIED**. (Part of Doc. 12.)

///

**IT IS FURTHER ORDERED** that Plaintiffs shall have 14 days from the date of this Order to file a Second Amended Complaint. The Clerk of the Court shall not enter judgment at this time. Should Plaintiffs fail to file a Second Amended Complaint within this time period, the Clerk of the Court shall enter judgment of dismissal with prejudice.

Dated this 22nd day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge